## UNITED STATES *v.* AMERICAN EXPRESS CO. (No. 1667).[1]

1. CONSTRUCTION—RELATIVE SPECIFICITY—PARAGRAPHS 93 AND 94, TARIFF ACT OF 1913.

If a projection lens mounted in its frame and ready for use be regarded as an optical instrument, its frame and mountings are none the less the frame and mountings of a projection lens; and, as "frames and mountings" for projection lenses are specifically provided for in paragraph 94, tariff act of 1913, that provision must be preferred for the purposes of classification to the broader enumeration, "optical instruments and frames and mountings for the same" contained in paragraph 93.

---

[1] Reported in T. D. 36490 (30 Treas. Dec., 1046).

2. "PATHESCOPE" FRAMES AND MOUNTINGS, HOW DUTIABLE.

A metal structure designed to serve as a support for the motive machinery, film reels, lamp house, and projection lenses of a moving-picture machine known as a "pathescope" is not dutiable under paragraph 93, tariff act of 1913 ("optical instruments and frames and mountings for the same"), but under paragraph 94 ("projection lenses, and frames and mountings for the same").

United States Court of Customs Appeals, May 29, 1916.

APPEAL from Board of United States General Appraisers, G. A. 7826 (T. D. 35970). [Affirmed.]

Bert Hanson, Assistant Attorney General (Thomas J. Doherty, special attorney, of counsel), for the United States.

McLaughlin, Russell, Coe & Sprague and Sharretts, Coe & Hillis (Thaddeus S. Sharretts and Edward P. Sharretts on the brief) for appellees.

[Oral argument Apr. 27, 1916, by Mr. Hanson and Mr. Sharretts.]

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

SMITH, Judge, delivered the opinion of the court:

Parts of a class of moving-picture machines which are known by the coined designation "pathescopes" were classified by the collector of customs at the port of New York as frames and mountings for optical instruments and assessed for duty at 35 per cent ad valorem under paragraph 93 of the act of 1913, which paragraph reads as follows:

93. Opera and field glasses, optical instruments and frames and mountings for the same; all the foregoing not specially provided for in this section, 35 per centum ad valorem.

The importer claimed that the goods were dutiable either under paragraph 94 at 25 per cent ad valorem as frames and mountings for projection lenses or under paragraph 167 as articles of metal. Paragraphs 94 and 167 are as follows:

94. Surveying instruments, telescopes, microscopes, photographic and projection lenses, and frames and mountings for the same, 25 per centum ad valorem.

167. Articles or wares not specially provided for in this section; if composed wholly or in part of platinum, gold, or silver, and articles or wares plated with gold or silver, and whether partly or wholly manufactured, 50 per centum ad valorem; if composed wholly or in chief value of iron, steel, lead, copper, brass, nickel, pewter, zinc, aluminum, or other metal, but not plated with gold or silver, and whether partly or wholly manufactured, 20 per centum ad valorem.

The Board of General Appraisers sustained the protest and the Government appealed.

It appears from the record that the merchandise imported is a metal structure designed to serve as a support for the motive machinery, film reels, lamp house, and projection lenses of a moving-picture machine. The lamp house contains a concave mirror, electric lamp, and condenser lens. When the machine is in operation the film, bearing a series of pictures, is unwound from one reel and wound up

on the other after being carried in front of the condenser.    There the light of the lamp, reflected by the mirror and concentrated by the condenser, illumines the film as it passes and reproduces on a screen an enlargement of the pictures thrown by means of the projection lens.

The Government contends that the moving-picture machine of which the importation is a part is an optical instrument and that it is something more than a projection lens; that is to say, a projection lens mounted on a frame with the appliances necessary to make it ready for use ceases to be a projection lens and becomes a moving-picture machine, which, it is claimed, is an optical instrument.    From that as a premise it is argued that the frame designed to support the projection lens and the appliances necessary to make it useful is not the frame of a projection lens, but the frame of an optical instrument. The difficulty with that argument is that Congress saw fit to provide in paragraph 94 for "projection lenses, and frames and mountings for the same," and therefore must have contemplated such a thing as a projection lens having a frame and mountings, and consequently a projection lens mounted and ready for use.    True, the metal tube into which the lens is fitted might be called a mounting or even a frame in the sense that it incloses the lens as a frame incloses a picture.    If that restricted meaning, however, is given to the terms "frames" and "mountings" when applied to projection lenses, the same restricted meaning must be given to them when applied to the surveying instruments and telescopes provided for in the same paragraph, and that we do not think can be done, inasmuch as surveying instruments and telescopes are certainly something more than mere lenses.    (See "Telescope," Standard Dictionary and Encyclopedia Britannica.)    If frames and mountings for surveying instruments and telescopes mean the supporting structure and certain adjuncts of those instruments required for their use, then they must mean the supporting structure and certain adjuncts of a projection lens required for its use.

In our opinion, the evidence in this case very clearly establishes that the metal support, the reels, the electric lamp, the mirror, the condenser, and the motive machinery are all instrumentalities designed to aid and assist the projection lens in producing on a screen an enlargement of the small pictures on the film, and that without such appliances the projection lens would be wholly ineffective for that purpose.    Unquestionably the completed article would be a moving-picture machine and possibly it might be regarded as an optical instrument.    Nevertheless, it would be at the same time a projection lens supported by the frame and fitted with the adjuncts which make it available for use.    From that it follows that even if the frame here involved be considered as the frame for an optical instrument, it is none the less the frame for a projection lens, and as

frames for projection lenses are provided for in paragraph 94, that provision must be preferred to the less specific and more comprehensive provision in paragraph 93 covering frames for optical instruments.

For these reasons we hold that the frames in question are dutiable as frames for projection lenses at 25 per cent ad valorem under paragraph 94 rather than as frames for optical instruments under paragraph 93.

The decision of the Board of General Appraisers is *affirmed.*