THOMAS CO. *v.* UNITED STATES (No. 2420).[1]

1. CONSTRUCTION, PARAGRAPH 228, TARIFF ACT OF 1922—"MOUNTINGS" FOR OPTICAL INSTRUMENTS.

In the provision of paragraph 228, tariff act of 1922, for mountings for optical instruments, the word mountings has the same meaning it had in paragraph 94, tariff act of 1913. Glass slides and cover glasses, which are designed to be used in connection with a microscope for the purpose of examining and preserving the specimen, do not aid the microscope in the performance of its function; are not designed to be joined, connected or attached to it; are not, in any sense, an addition to it; and do not accompany it within the definition of the word "accessory." Therefore, they are not "mountings" for microscopes.

2. MICROSCOPE COVER GLASSES AND SLIDES—PRESUMPTION FAVORS COLLECTOR.

Microscope cover glasses and slides are manufactures of glass, under paragraph 230, tariff act of 1922, and have ceased to be glass, under paragraph 219. They are not, as assessed, mountings for microscopes, under paragraph 228, but no claim for their proper classification having been made, the judgment of the Board of United States General Appraisers overruling the protest is affirmed.

United States Court of Customs Appeals, December 17, 1924

APPEAL from Board of United States General Appraisers, G. A. 8775 (T. D. 40127)

[Affirmed.]

*Comstock & Washburn* (*J. Stuart Tompkins* of counsel) for appellant.
*William W. Hoppin,* Assistant Attorney General (*Samuel M. Richardson* and *Charles D. Lawrence,* special attorneys, of counsel), for the United States.

[Oral argument Nov. 3, 1924, by Mr. Tompkins and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

The merchandise involved in this appeal consists of microscopic slides and cover glasses. Both the slides and cover glasses were assessed for duty by the collector as mountings for microscopes,

---

[1] T. D. 40591.

at 45 per cent ad valorem under paragraph 228 of the tariff act of 1922, which reads as follows:

PAR. 228. Azimuth mirrors, sextants, and octants; photographic and projection lenses, opera and field glasses, telescopes, microscopes, and other optical instruments, and frames and mountings for the same; all the foregoing not specially provided for, 45 per centum ad valorem.

It is claimed by the appellant that the merchandise is properly dutiable under paragraph 219 of the tariff act of 1922 as "cylinder, crown, or sheet glass, at 1¼ cents per pound," or—

at 1¼ cents per pound under paragraph 219, plus 5 per cent ad valorem by virtue of the provisions of paragraph 224 as bent, ground, or beveled.

Paragraphs 219 and 224 of the tariff act of 1922 read as follows:

PAR. 219. Cylinder, crown, and sheet glass, by whatever process made, and for whatever purpose used, unpolished, not exceeding one hundred and fifty square inches, 1¼ cents per pound; above that, and not exceeding three hundred and eighty-four square inches, 1⅜ cents per pound; above that, and not exceeding seven hundred and twenty square inches, 1⅝ cents per pound; above that, and not exceeding eight hundred and sixty-four square inches, 1¾ cents per pound; above that, and not exceeding one thousand two hundred square inches, 2 cents per pound; above that, and not exceeding two thousand four hundred square inches, 2¼ cents per pound; above that, 2½ cents per pound: *Provided,* That unpolished cylinder, crown, and sheet glass, imported in boxes, shall contain fifty square feet, as nearly as sizes will permit, and the duty shall be computed thereon according to the actual weight of glass.

PAR. 224. Cast polished plate glass, silvered or unsilvered, and cylinder, crown, and sheet glass, by whatever process made, silvered or unsilvered, polished or unpolished, when bent, ground, obscured, frosted, sanded, enameled, beveled, etched, embossed, engraved, flashed, stained, colored, painted, ornamented, or decorated, shall be subject to a duty of 5 per centum ad valorem in addition to the rates otherwise chargeable thereon.

The Board of General Appraisers held that the microscopic slides and cover glasses were "mountings" for microscopes, and that the eo nomine provision for "mountings" for microscopes, contained in paragraph 228, supra, more specifically and aptly described such merchandise than the more general provision for "cylinder, crown, and sheet glass," contained in paragraph 219, supra, and accordingly overruled the protests.

The evidence in the case (while very unsatisfactory and in most respects indifferently explanatory of the issues presented), together with statements and admissions in the brief of the appellant, seem to establish that the merchandise in question consists of manufactured articles fully dedicated to the purpose and exclusively used in mounting and preserving specimens for microscopical examination and analysis, and, to that extent, are used in connection with microscopes.

It is contended by the appellant that, regardless of the fact that the slides and cover glasses under consideration are manufactured

articles and designed and exclusively used in connection with microscopical examinations for mounting and preservation of microscopic specimens, they are properly dutiable under the provisions of paragraph 219, supra, "for cylinder, crown and sheet glass, by whatever process made, and for whatever purpose used, * * *" subject only to the provisions of paragraph 224, supra, for such glass, when ground, bent or beveled, at an additional rate of duty of 5 per cent ad valorem.

It is also contended by the appellant, that the merchandise is not "mountings" for microscopes and is not included within the provisions of paragraph 228, supra.

The Government's contention in the case is that paragraph 219, supra, provides only, "for glass as a material," and not for articles of glass, such as the merchandise in question which is designed, manufactured, and fully dedicated to an exclusive and definite use; and that the provision for "mountings" in paragraph 228, supra, includes the merchandise in question.

The word "mountings" as used in paragraph 93 of the tariff act of 1913 has been considered by this court in the case of United States *v.* International Forwarding Co. (9 Ct. Cust. Appls. 156; T. D. 37995).

In that case, the court said:

> From the foregoing it would appear that the word "mountings" when used in connection with optical instruments such as the microscope and polariscope is used in the sense of accessories, adjuncts, or parts thereof, which plainly would include the polariscope tubes here in question.

It has been suggested that the word "mountings" as interpreted by this court in the case of United States *v.* International Forwarding Co., supra, is sufficiently comprehensive to include the glass slides and cover glasses involved in this case, for the reason that they are designed, manufactured, and fully dedicated to the exclusive use of aiding in microscopical examination and preservation of microscopic specimens and may be properly said to be accessories to, and adjuncts of, a microscope.

In the case of United States *v.* American Express Co. (7 Ct. Cust. Appls. 169; T. D. 36490) the court had under consideration a certain metal structure designed to serve as a support for projection lenses and other parts of a moving-picture machine, and in that case the court said:

> * * * In our opinion, the evidence in this case very clearly establishes that the metal support, the reels, the electric lamp, the mirror, the condenser, and the motive machinery are all instrumentalities designed to aid and assist the projection lens in producing on a screen an enlargement of the small pictures on the film, and that without such appliances the projection lens would be wholly ineffective for that purpose. Unquestionably the completed article

would be a moving-picture machine and possibly it might be regarded as an optical instrument. Nevertheless, it would be at the same time a projection lens supported by the frame and fitted with the adjuncts which make it available for use. * * *

In the case of Lietz Co. v. United States (11 Ct. Cust. Appls. 426; T. D. 39434) this court had under consideration the question as to whether "small blown-glass tubes, closed at both ends and etched with a graduated scale," called "spirit levels," were "mountings" for surveying instruments under the provisions of paragraph 94 of the tariff act of 1913, which read as follows:

PAR. 94. Surveying instruments, telescopes, microscopes, photographic and projection lenses, and frames and mountings for the same, 25 per centum ad valorem.

It appeared that the glass tubes were filled with a clear liquid and contained a floating bubble of air. They were used in the manufacture of surveyor's transits and became an essential part thereof.

With reference to the word "mountings" the court said:

We think that the term "mountings" includes such nonoptical accessories as are mounted upon the instruments, and is not imited to the parts whereby they are supported thereon. The occurrence of the general term "equipment" in the definitions above given indicates that parts like these when *attached* to the instruments are mountings, equally with the means whereby they may be *attached* thereto. (Italics ours.)

In each of the cases referred to the merchandise involved consisted of accessories, adjuncts, or parts of the instruments described in the paragraph under consideration, and each article was designed to be attached to the instrument of which it was an accessory, adjunct, or part, and was further designed as such an essential, or at least as such an important element, as, when attached, it would aid the instrument to perform its proper function.

It is evident from a careful reading of paragraph 228, supra, that the word "mountings" as used therein has the same meaning as the word "mountings" as used in paragraph 94 of the tariff act of 1913 in so far as the same may pertain to microscopes.

The word accessory is defined by the lexicographers to mean:

Oxford Dictionary—

(a) 1. Of things; coming as an accession; contributing in an additional and hence subordinate degree; additional, extra, adventitious.

(b) 1. An accessory thing; something contributing in a subordinate degree to a general result or effect; an adjunct, or accompaniment.

Funk & Wagnalls New Standard Dictionary—

1. Aiding the principal design, or assisting subordinately the chief agent; contributory; supplemental; additional; as, accessory nerves, the eleventh pair of nerves, closely connected with or accessory to the pneumogastric nerve.

The Century Dictionary and Encyclopedia—

2. (Of things).

(*a*) Contributing to a general effect; aiding in certain acts or effects in a secondary manner; belonging to something else as principal; accompanying: as, *accessory* sounds in music; *accessory* muscles.

(*b*) Additional, or of the nature of an appendage: as, *accessory* buds are developed by the side of or above the normal axillary bud.

The word "adjunct" is defined to mean: Oxford Dictionary—

A. Adj. Joined or added (to anything), connected, annexed; subordinate.

B. s b.

1. Something joined to or connected with another, and subordinate to it in position, function, character, or essence; either as auxiliary to it, or essentially depending upon it.

The Century Dictionary and Encyclopedia—

II. Something added to another, but not essentially a part of it.

Funk & Wagnalls New Standard Dictionary—

I. Something joined to or connected with another thing, but holding a subordinate place;

The glass slides are not designed to be joined, connected, or attached to a microscope and are therefore not adjuncts of it. Nor are they designed to be connected with a microscope so as to contribute to or aid it in the performance of the essential and proper function of such instrument. The glass slide is not in any sense an addition to the microscope, nor does it accompany it, within the definition of the word "accessory." Certainly it is not a part of the microscope. It is designed to be used in connection with a microscope, but not to aid or contribute to the proper office or function of the instrument as such. It may be classed as a mount or mounting in the sense that a specimen for microscopic analysis is mounted upon it, but it is not, merely on that account, a mounting for a microscope. We are of the opinion that the glass slides are not "mountings" for microscopes and are not included within the provisions of paragraph 228, supra.

The cover glasses, which are used to aid in preservation of the microscopical specimens, are for the reasons stated held not to be mountings for microscopes.

The question next to be determined is whether the merchandise is included within the provisions of paragraph 219, supra, as claimed by the appellant.

We are of the opinion that the evidence in the case and the statements and admissions of counsel for the appellant in his brief warrant the conclusion that the merchandise in question has been manufactured from the kind and character of glass provided for in paragraph 219, supra, into completed articles of commerce exclusively appro-

priated to a given purpose and use and has been excluded from other commercial uses. Therefore, it can not properly be classified under the provisions of paragraph 219, supra, as "cylinder, crown, or sheet glass."

We think that the merchandise is properly dutiable as "manufactures of glass" under the provision therefor in paragraph 230 of the act of 1922, the pertinent part of which reads as follows:

\* \* \* And all glass or manufactures of glass or paste, or of which glass or paste is the component material of chief value, not specially provided for, 50 per centum ad valorem.—Bache & Co. v. United States (11 Ct. Cust. Appls. 314; T. D. 39129) and cases therein cited.

The appellant having failed, for obvious reasons, to claim in its protest that the merchandise was properly dutiable under paragraph 230, supra, we are unable to reverse the judgment of the Board of General Appraisers affirming the collector's classification of the merchandise, and its judgment is therefore *affirmed.*