UNITED STATES *v.* MASSCE & CO. (No. 3553)[1]

---

[1] T. D. 45993.

United States Court of Customs and Patent Appeals, October 31, 1932

*Charles D. Lawrence,* Assistant Attorney General (*Hugo P. Geisler* and *Ralph Folks,* special attorneys, of counsel), for the United States.

*Brown & Carter* (*Allan R. Brown* and *Fred J. Carter* of counsel) for appellee.

[Oral argument October 7, 1932, by Mr. Folks and Mr. Brown]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GARRETT, Judge, delivered the opinion of the court:

Certain merchandise imported through the port of New York, invoiced as "parts of machinery," was assessed for duty by the collector of customs at 45 per centum ad valorem, being described by the appraiser as "heads of projection machines and film-gate magazine heads, parts of projection apparatuses." The collector's classification was under paragraph 228 (b) of the Tariff Act of 1930, hereinafter quoted.

The importer protested the collector's classification and relied upon the claim that the merchandise is dutiable at 35 per centum ad valorem, because classifiable under paragraph 353 of said act, the pertinent portions of which read:

PAR. 353. All articles suitable for producing, rectifying, modifying, controlling or distributing electrical energy;

\*       \*       \*       \*       \*       \*       \*

Articles having as an essential feature an electrical element or device, such as electric motors, fans, locomotives, portable tools, furnaces, heaters, ovens, ranges, washing machines, refrigerators, and signs;

All the foregoing, and parts thereof, finished or unfinished, wholly or in chief value of metal, and not specially provided for, 35 per centum ad valorem.

The United States Customs Court sustained the protest, and the suit is here appealed by the Government.

In *American Holding Corp. et al.* v. *United States,* 18 C. C. P. A. (Customs) 275, T. D. 44449, this court, affirming the judgment of the Customs Court, held merchandise similar to that here involved to have been properly classified by the collector as "mountings or frames for projection lenses," under paragraph 228 of the Tariff Act of 1922, hereinafter quoted.

The Government insists that the finding of the *American Holding Corp. et al.* case, *supra,* is here controlling. Appellee insists, and the Customs Court held, that same is not controlling, the insistence being, in part at least, based upon the fact that there were certain changes in language in paragraph 228 (b) of the 1930 act from that which appeared in paragraph 228 of the 1922 act.

For convenience in comparison we here quote the said respective paragraphs in parallel columns:

Par. 228, Tariff Act of 1922

Azimuth mirrors, sextants, and octants; photographic and projection lenses, opera and field glasses, telescopes, microscopes, and other optical instruments, and frames and mountings for the same; all the foregoing not specially provided for, 45 per centum ad valorem.

Par. 228 (b), Tariff Act of 1930

Azimuth mirrors, parabolic or mangin mirrors for searchlight reflectors, mirrors for optical, dental, or surgical purposes, photographic or projection lenses, sextants, octants, opera or field glasses (not prism binoculars), telescopes, microscopes, all optical instruments, frames and mountings therefor, and parts of any of the foregoing; all the foregoing, finished or unfinished, not specially provided for, 45 per centum ad valorem.

By comparing the two paragraphs it will be observed that the 1930 paragraph has (a) added to the 1922 paragraph *eo nomine*—

parabolic or mangin mirrors for searchlight reflectors, mirrors for optical, dental, or surgical purposes;

(b) inserted in parenthesis, after the words "field glasses," the words "not prism binoculars"; (c) inserted the word "all" in lieu of the words "and other" following the word "microscopes" (so that paragraph 228 (b) of the 1930 tariff act reads "all optical instruments," where paragraph 228 of the 1922 tariff act reads "and other optical instruments"); (d) omitted the word "and" after "instruments" (before "frames and mountings"); (e) after "frames and mountings" changed "for the same" to "therefor"; (f) added "and parts of any of the foregoing"; and (g) inserted before "not specially provided for" the words "finished or unfinished."

There are also slight changes in punctuation which will be later commented upon.

Obviously, the paragraph has been so altered that there are now included a number of articles which were not included—at least not *eo nomine* included—in the corresponding paragraph of the 1922 act. We are not now concerned, however, with any attempt to construe the paragraph beyond such construction as is required to determine the immediate issue at bar. Has the change in language been such as to evidence an intent upon the part of Congress to eliminate from the paragraph such merchandise as was involved in the *American Holding Corp. et al.* case, *supra*, which concededly was similar to that here involved?

Without expressly so declaring, the United States Customs Court, apparently, is of the opinion that such a change has been wrought. That tribunal says:

* * * It [the merchandise] is clearly, however, not a *part* of a lens, therefore not a part of a projection lens, and it will be observed that paragraph 228 of the

present act differs from paragraph 228 of the act of 1922 in not covering frames and mountings for projection lenses. It merely covers projection lenses and parts. * * *

It should be borne in mind that in the *American Holding Corp. et al.* case, *supra*, the question of "parts," as relating to paragraph 228 of the Tariff Act of 1922 (which carried no *eo nomine* provision for "parts"), was not discussed, and that our decision rested upon the finding that the merchandise comprised "mountings or frames for projection lenses," which we held were included in the paragraph.

In other words, it was there held that the phrase "and frames and mountings for the same" appearing after "and other optical instruments" related back to the "projection lenses" *eo nomine* named earlier in the paragraph.

The United States Customs Court held likewise in that case but is of the opinion that, under the phraseology of the paragraph in the present act, "'frames and mountings' applies to optical instruments only."

In our opinion there we referred to and quoted from several previous cases, such as *United States* v. *American Express Co.*, 7 Ct. Cust. Appls. 169, T. D. 36490; *United States* v. *International Forwarding Co.*, 9 Ct. Cust. Appls. 156, T. D. 37995; *Lietz Co.* v. *United States*, 11 Ct. Cust. Appls. 426, T. D. 39434; and *Thomas Co.* v. *United States*, 12 Ct. Cust. Appls. 425, T. D. 40591.

Appellee argues before us that this view of the trial court is sound in the light of the arrangement of the language and the punctuation of the paragraph.

Having in mind the familiar rule that a change in language ordinarily imports a change in legislative intent, we have examined with much care the changes that were made, the reasoning of the court's opinion and the argument, both oral and by brief, of counsel for the respective parties, with the result that we are compelled to disagree with the conclusion reached by the trial court.

A syllabus of *United States* v. *Max Littwitz (Inc.)*, 18 C. C. P. A. (Customs) 341, T. D. 44588, expressing a thought stated in the opinion, says:

The rule that a change in language ordinarily must be taken as indicating a change in legislative intent has no application, where the language used in the enactment of a statute is so plain as to be readily understood after the changes have been made. * * *

We can discern no reason why, if "and frames and mountings for the same," appearing in the paragraph of the 1922 act, related back to "projection lenses," the words "frames and mountings therefor" in the 1930 paragraph should be limited to the article *eo nomine* mentioned last before them—optical instruments.

It is true that "all" has been substituted for "and other" before optical instruments. It does not necessarily follow from this that

Congress meant thereby to declare that none of the articles earlier mentioned in the paragraph were optical instruments, but a mere inspection of the paragraph is sufficient to ascertain that some of the earlier-mentioned articles therein are not of that class. Consequently, it would have been inaccurate to have connected them with optical instruments by continuing the use of "other" after changing the punctuation and after inserting new articles in the first portion of the paragraph.

In *United States* v. *Bliss & Co. et al.*, 6 Ct. Cust. Appls. 433, T. D. 35980, arising under the Tariff Act of 1913, this court, following the Board of General Appraisers (now the United States Customs Court), held "Azimuth mirrors, sextants, and octants" not classifiable as optical instruments.

The Tariff Act of 1922 evidently was framed with this holding in mind, and the Congress, desiring these articles to be dutiable at the same rate as optical instruments, mentioned them *eo nomine* in paragraph 228, but cut them off from "optical instruments" by inserting a semicolon after "octants." No semicolon divides them in the 1930 paragraph. All three are included, but the arrangement is different, and they are separated from optical instruments only by other articles and appropriate commas.

Even if each of the articles named prior to "all optical instruments" shall turn out to be not itself an optical instrument—a question not necessary to be here decided—it would not alter our construction of the paragraph. Dropping the word "other" gives to the paragraph an entirely proper grammatical arrangement, whether all or only a part of the preceding articles are, or are not, optical instruments.

Neither are we able to see where dropping the word "and" immediately following "optical instruments" in the 1922 paragraph should be construed as changing the intent of Congress with reference to the classification of "frames and mountings." In the new act the word "and" has merely been transferred so as to follow "frames and mountings therefor" and precede the new language "parts of any of the foregoing." Congress added new articles—"parts"—to the paragraph and shifted the conjunction to meet the addition, thus preserving clearness and correct syntax. We further think that as here used the word "therefor" in the new act has the same meaning and application as the phrase "for the same" in the prior act.

When the punctuation is considered it seems to be wholly in accord with our construction. The several articles *eo nomine* mentioned are separated by commas. The first and only semicolon appears after all the articles are named, and then there follows the commonly used phrase, "all the foregoing    *    *    *."

It is our opinion, therefore, that the changes in paragraph 228 (b) of the Tariff Act of 1930 from paragraph 228 of the Tariff Act of 1922

do not evidence any intention on the part of Congress to alter the construction given in the *American Holding Corp. et al.* case, *supra,* as same relates to the merchandise there and here involved, and we hold that "frames and mountings therefor" in paragraph 228 (b) of the new act relates back to "projection lenses," also named in said paragraph.

In the *American Holding Corp. et al.* case, *supra,* the issue lay between paragraphs 228 and 372 of the Tariff Act of 1922. The merchandise was there claimed by the protest to be "parts of all other machines" under the last-named paragraph.

Here the claim is under paragraph 353 of the 1930 act, *supra,* and it is urged in appellee's brief that the merchandise is—

* * * a part of an article suitable for producing, rectifying, *modifying,* controlling or distributing electrical energy, and that it is doubly covered by the third part of paragraph 353 because it is part of an article having as an essential feature two electrical elements or devices, to wit, the electric light and the electric motor. (Italics quoted.)

Appellee argues that even if the article might be held to be covered by paragraph 228 (b) it is more aptly and specifically provided for in paragraph 353.

Said paragraph 353 appears to be new in the Tariff Act of 1930 and probably was framed so as to cover in one paragraph certain electrical articles which theretofore had been classified under different paragraphs. Numerous articles are *eo nomine* named therein. As to all articles falling within the paragraph *"not specially provided for"* (italics ours) the duty is 35 per centum ad valorem.

The trial court held the involved merchandise classifiable under said paragraph, but evidently this was based upon the holding that it had been excluded from paragraph 228 (b) by the changes heretofore discussed, and not because that court regarded 353 as being more specifically applicable.

Since we hold that it is covered by paragraph 228 (b) as a frame or mounting for a projection lens, it obviously is there specially provided for, and hence the latter paragraph more specifically covers it than does paragraph 353, even granting, without holding, that it might fall within the general terms of the latter.

The judgment of the United States Customs Court is *reversed.*